# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ANGELA BOND, | ) |
| Plaintiff, | ) ) ) |
| v. | )  No. 4:18-CV-0294-DGK-SSA |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Angela Bond's applications for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of Meniere's disease, trigeminal neuralgia, pineal cyst, cervical spondylosis, and fibromyalgia, but she retained the residual functional capacity ("RFC") to perform past work as a cashier and receptionist.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her applications on December 29, 2015, alleging a disability onset date of December 29, 2015. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and, on November 28, 2017, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on February 15, 2018, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016). Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or

medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred at Step Two in finding her mental impairments were non-severe. She also argues the ALJ erred at Step Four in finding her mental impairments did not cause any work-related limitations and that her subjective symptoms were not consistent with the evidence as a whole.

**I.     The ALJ did not err in finding Plaintiff's mental impairments were non-severe.**

Plaintiff argues the ALJ erred in finding that her depression, anxiety, and post-traumatic stress disorder were non-severe impairments because they resulted in only mild limitations in her activities of daily living, social functioning, and concentration, persistence, or pace. Plaintiff notes the standard for finding an impairment to be a severe impairment is low, and she contends the ALJ's decision is not supported by substantial evidence.

In order to meet the Step Two "severity" requirement, Plaintiff had the burden of showing she had (1) a "medically determinable" impairment or combination of impairments which (2) significantly limited her physical or mental ability to perform basic work activities without regard to age, education, or work experience for the required twelve-month duration. 20 C.F.R. §§ 416.920(c), 416.921(a); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Although severity is not an onerous requirement, it is not a toothless standard either. *Kirby v. Astrue*, 500 F.3d 705, 708 (8th Cir. 2007).

---

medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

The ALJ analyzed Plaintiff's depression using the psychiatric review technique prescribed by the regulations for evaluating mental impairments. This technique considers the claimant's degree of limitation in four functional areas known as the Category B criteria: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentration, persistence, or pace; and (4) adopting or managing oneself. R. at 23-24; 20 C.F.R. §§ 404.1521(a) and 416.920a. The ALJ found Plaintiff had only mild limitations in these four areas, so her mental impairments were non-severe. R. at 24; 20 C.F.R. §§ 404.1521a(d)(1), 416.920a(d)(1).

The record supports the ALJ's findings. For example, with respect to the first criterion, the ALJ observed that Plaintiff's treatment notes reported her memory and cognitive functioning were normal. R. at 23, 281, 298, 477. The ALJ also noted that Plaintiff cared for two children; prepared simple meals; performed light housework; drove; went grocery shopping and ran errands; handled her own finances; taught her son to drive; read long books; and worked part time as a dog groomer for a portion of the relevant period. R. at 23, 90, 94, 97–99, 250–53. Thus, substantial evidence supports the ALJ's finding that Plaintiff had only mild limitations in this area.

Granted, Plaintiff cites some other evidence in the record that supports her position. But this does not change the fact that substantial evidence still supports the ALJ's determination that Plaintiff's mental impairments were not severe.

**II.    The ALJ did not err at Step Four.**

    **A.    The did not err in finding the mental impairments discussed at Step Two did not cause work-related limitations.**

Plaintiff also contends the ALJ erred at Step Four by failing to include the limitations from Plaintiff's mental impairments in the RFC determination. Plaintiff argues that the mild limitations in mental functioning discussed at Step Two should have resulted in the ALJ including at least some work-related limitations in her RFC.

This argument is unpersuasive because it ignores the distinction between the psychiatric review technique and the RFC. The psychiatric review technique is used at Step Two to determine whether a claimant's mental impairments are severe or meet a listing. *See* 20 C.F.R. §§ 404.1520a, 416.920a. The RFC finding at Step Four determines the most the claimant can do despite her functional limitations. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545, 416.920(a)(4)(iv), 416.945. It "considers only functional limitations and restrictions that result from an individual's impairment(s);" it is *not* a listing of the underlying impairments and their related symptoms. SSR 96-8p. Social Security Ruling 96-8p differentiates between the psychiatric review technique and the RFC determination, explaining that the limitations identified by the psychiatric review technique "are not an RFC assessment but are used to rate the severity of mental impairment(s) at Steps Two and Three of the sequential evaluation process." *Id*. Thus, a mild restriction in daily living activities and mild limitation in the area of maintaining concentration, persistence, or pace do not require a corresponding limitation in the RFC.

Because the ALJ found Plaintiff did not suffer from a severe mental impairment, that is, Plaintiff's mental symptoms did not cause more than a minimal limitation in her ability to do basic work activities, the ALJ did not need to include any mental limitations in the RFC. *See, e.g., Browning v. Colvin,* No. 13-00266-CV-W-REL-SS, 2014 WL 4829534, at *37 (W.D. Mo. Sept. 29, 2014) ("While it is true that the ALJ did not include his finding of plaintiff's mild difficulties in concentration, persistence, and pace in the assessment, there was no requirement that he do so. Mild limitations in any of the four domains of mental functioning are non-severe (20 C.F.R. §§ 404.1520a(d)(1); 416.920a(d)(1)) and therefore by definition cause no work-related limitations of function (20 C.F.R §§ 404.1521(a); 416.921(a))."). Hence, the ALJ did not err by failing to include any mental limitations in the RFC.

### B. The ALJ properly evaluated Plaintiff's subjective complaints.

Finally, Plaintiff argues the ALJ's credibility determination—her finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not consistent with the evidence in the record—is not supported by substantial evidence. The ALJ discredited Plaintiff's subjective complaints because they were inconsistent with the clinical findings, the conservative treatment received for several conditions, and a complete lack of treatment for other conditions. R. at 22-24, 27-28.

Credibility questions are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). "If an ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so, the Court should defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003).

Here the record supports the ALJ's findings. For example, Plaintiff alleged disability in part due to pain in her left foot from a neuroma that doctors removed in 2013 or 2014, as well as pain in her neck or back, which purportedly limited her to standing and sitting for only 30 to 45 minutes at a time. R. at 106, 108, 234, 352, 379. But, as the ALJ noted, Plaintiff's musculoskeletal examinations were often normal, showing Plaintiff had normal strength, sensation, range of motion, reflexes, and gait. R. at 22, 27, 284–85, 288–89, 306, 310, 333, 353, 377–78, 387, 381–82, 393, 426, 436–37, 472–73, 477–78, 483. The lack of consistent clinical findings documenting reduced range of motion, tenderness, gait abnormalities, reduced sensation, or decreased strength belied Plaintiff's testimony that back, neck, and foot pain caused disabling limitations. *See* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) (objective evidence showing reduced joint motion, muscle spasm, sensory deficit, or motor disruption is a useful indicator of the intensity and persistence of a claimant's symptoms); *Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006) (holding that an ALJ may determine that "subjective pain complaints are not credible in light of

objective medical evidence to the contrary"). Plaintiff did not receive any treatment for her neuroma following the surgery in 2013 or 2014, and at the hearing she admitted that she was not receiving any treatment for her neck or back pain. R. at 22, 27, 106, 379. Her lack of treatment for these conditions reinforces the ALJ's finding that Plaintiff's statements about her symptoms were not consistent with the record. *See Buford v. Colvin*, 824 F.3d 793, 797 (8th Cir. 2016) (claims of disabling limitations were inconsistent with the claimant's receipt of conservative treatment).

Since the ALJ gave good reasons for discrediting Plaintiff's testimony, the Court will not disturb this finding. *See Gregg*, 354 F.3d at 713. The ALJ's decision is supported by substantial evidence.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  April 11, 2019                    /s/ Greg Kays
                                                              GREG KAYS, JUDGE
                                                              UNITED STATES DISTRICT COURT